■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM RUBEN, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from his conviction of second degree conspiracy, fourth degree conspiracy, and seventh degree criminal possession of a controlled substance, for which he received a sentence of 5 to 15 years, defendant contends that his sentence is excessive and that he should have been granted youthful offender status; that the court erred in denying his motion to sever; that the evidence is insufficient to support the second degree conspiracy conviction; that the court erred in admitting evidence of certain telephone calls; and that the court unfairly marshaled the evidence.

The evidence was legally sufficient to support the conspiracy conviction. The gravamen of that charge was that, over an extended period of time, defendant agreed with one or more persons to engage in or cause the commission of first degree criminal possession. Contrary to defendant's argument, that conviction was not dependent upon the People's linking defendant to the March 20, 1987 shipment of eight ounces of cocaine to Nicholas Camarre. The People's witnesses linked defendant to numerous other shipments of cocaine to and from the Camarre brothers and to defendant from his other source, Iilia Jah Jah. The testimony of Mike Vona, defendant's friend and fellow dealer, established that defendant received quarter-pound shipments from Jah Jah.

Addressing defendant's remaining contentions, we conclude that admission of the telephone records does not require reversal; that the court did not marshal the evidence unfairly; that there was no incompatibility between defendant's defense and those of his codefendants; and that the court's sentencing of defendant as an adult to 5 to 15 years was not an abuse of discretion. (Appeal from Judgment of Niagara County Court, DiFlorio, J.—Conspiracy, 2nd Degree.) Present—Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.